# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Josand Farmer, | ) |
| Plaintiff, | ) Civ. No. 0:21-cv-2572-TMC |
| vs. | ) |
| | ) **ORDER** |
| United States of America, | ) |
| Defendant. | ) |

Plaintiff Josand Farmer, a federal inmate proceeding *pro se*, brought this action pursuant to the Federal Tort Claims Act ("FTCA") against Defendant United States of America. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Defendant's motion to dismiss (ECF No. 32) be granted in part and denied in part without prejudice. (ECF No. 61). Both parties filed objections, (ECF Nos. 70; 73), and Defendant also filed a reply to Plaintiff's objections, (ECF Nos. 74; 79). The matter is now ripe for the court's disposition.

## I. Background

Plaintiff alleges Defendant "failed to use reasonable care when it neglected to protect [him] from contracting COVID-19" while he was housed at FCI Williamsburg in Salters, South Carolina. (ECF No. 1 at 1). Specifically, Plaintiff asserts that Defendant had a statutory duty to provide suitable quarters, protection, care, and subsistence for prisoners, *id*. at 2–3 (citing 28 U.S.C. § 4042); that Defendant had a duty pursuant to a 2020 memorandum issued by the Attorney General instructing the United States Bureau of Prisons ("BOP") to increase the use of home confinement

at correctional facilities most affected by Covid-19, *id*. at 3; that Defendant had a duty to implement the guidance and protective measures prescribed by the Centers for Disease Control and Prevention ("CDC") to mitigate the spread of the Covid-19 virus, *id*. at 4; and that Defendant had a duty to manage prisoners' exposure to Covid-19 pursuant to specified BOP "action plans," (ECF No. 40-2). Plaintiff asserts that he contracted Covid-19 and is suffering the long-term effects of contacting the virus, as a result of FCI Williamsburg's failure to follow the guidelines by, for example, failing to test officers outside the facility and allowing inmates who tested positive into the facility or to pass meal trays. (ECF No. 1 at 4–5).[1]

Plaintiff unsuccessfully pursued administrative tort remedies which were denied in July 2021. Plaintiff subsequently filed this FTCA action, asserting a negligence claim against Defendant. *See generally id*. Defendant then filed the instant motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, (ECF No. 32), seeking to dismiss for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA's sovereign immunity waiver, (ECF No. 32-2). Plaintiff filed a response in opposition, (ECF No. 40), Defendant replied (ECF No. 44), and Plaintiff filed a sur-reply (ECF No. 46).

The magistrate judge issued a Report recommending that Defendant's motion to dismiss be granted to the extent that Plaintiff's claims Defendant breached duties imposed by 18 U.S.C. §§ 3582, 3624, 4042, or the CARES Act or arising under the CDC's Covid-19 guidelines. (ECF No. 61 at 5–7). However, the magistrate judge concluded that "the record before the court is insufficiently developed to determine whether the discretionary function exception bars Farmer's

---

[1] Plaintiff sought compassionate release from his sentence on the grounds that these same alleged actions at FCI Williamsburg created a substantial risk of contracting Covid-19, but his motion was denied on the grounds that he failed to provide sufficient proof "establishing that his recent COVID-19 diagnosis has created the medical problems alleged in the pro se motion." *United States v. Farmer*, No. 5:10-cr-271-FL-3, 2021 WL 2188745, at *11 (E.D.N.C. May 28, 2021), *aff'd*, No. 21-6887, 2022 WL 1619040 (4th Cir. May 23, 2022).

claims that prison officials" at FCI Williamsburg failed to follow directives emanating from BOP "Action Plans." *Id*. at 7. As previously noted, both parties filed objections, (ECF Nos. 70; 73), and Defendant replied to Plaintiff's objections, (ECF Nos. 74; 79). The court has carefully considered all of the documents submitted by the parties and concludes that a hearing is unnecessary for the court to rule on the matter.

## II. Legal Standards

*District Court's Review of the Report*

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019). Furthermore, in the absence of specific objections to the Report, the court is not

required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

*Rule 12(b)(1) Motions to Dismiss*

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick*, 191 F.3d 394, 399 (4th Cir. 1999); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). Any motion questioning a court's subject matter jurisdiction "must be considered before other challenges because the court must find it has jurisdiction before determining the validity of any claims brought before it." *Sumpter v. United States*, No. 5:06-cv-01004-RBH, 2007 WL 776113, at *1 (D.S.C. March 9, 2007) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). To determine whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the

pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citation omitted). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*. (internal citation omitted). The plaintiff bears the burden of proof. *See Evans*, 166 F.3d at 647.

### III. Discussion

#### A.  Applicable Law

Defendant moves to dismiss this action on the grounds that it is barred by the discretionary function exception to the FTCA. (ECF No. 32-2 at 4–14). The FTCA provides for a limited waiver of the United States' sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019). Although the FTCA effects a waiver of the United States' sovereign immunity from suit in tort actions, this waiver is subject to certain exceptions. *See Sanders*, 937 F.3d at 327. For example, the FTCA does not waive sovereign immunity for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This "discretionary function exception" is intended to protect the discretion of the

executive branch to make policy judgments. *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020); *see also Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017) ("In short, the discretionary function exception is driven by separation of powers concerns, shielding decisions of a government entity made within the scope of any regulatory policy expressed in statute, regulation, or policy guidance, even when made negligently.").

The Supreme Court has adopted a two-step inquiry for determining whether the United States enjoys sovereign immunity for conduct purportedly covered by the discretionary function exception. *See Berkowitz v. United States*, 486 U.S. 531, 536–37 (1988). First, the court must determine whether the defendant's alleged conduct "involves an element of judgment or choice." *Id.* at 536.; *see also United States v. Gaubert*, 499 U.S. 315, 322 (1991). The action is not considered discretionary if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because "the employee has no rightful option but to adhere to the directive." *Id.* Second, if the court determines that the conduct at issue is the product of judgment or choice—and is, therefore, discretionary—the court must then "determine whether the decision made was based on considerations of public policy." *Wood*, 845 F.3d at 128 (internal quotation marks omitted). The second step is aimed at "prevent[ing] judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Sanders*, 937 F.3d at 328 (internal quotation marks omitted). "FTCA plaintiffs have the burden of showing that the discretionary function exception does not foreclose their claim." *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 857 (4th Cir. 2016).

The magistrate judge properly identified the foregoing principles as providing the relevant framework for considering Defendant's motion. (ECF No. 61 at 3–5). Neither party objects to this portion of the Report; thus, the court adopts it and incorporates it herein.

B.      Plaintiff's Objections to the Report

1.

To the extent Plaintiff contends that prison officials breached their general duty pursuant to 18 U.S.C. § 4042(a) to manage and safekeep facilities, (ECF No. 1 at 2–3), the magistrate judge determined that the discretionary function exception applies. (ECF No. 61 at 5). The magistrate judge explained that "the statute itself provides no specific direction as to how the BOP is to fulfill those duties, much less how to prevent the spread of Covid-19," and noted that courts "have routinely refused to find that this statute mandates specific, non-discretionary conduct such that failure to adhere to it would preclude the application of the discretionary function exception." *Id*. Accordingly, the magistrate judge concluded that the discretionary function exception bars Plaintiff's claim to the extent it is grounded in § 4042. *Id*. at 5–6.

Plaintiff objects to this specific determination, acknowledging that the statute affords "broad discretion" but arguing such discretion "is not applicable" when the statute "prescribes a specific course of action." (ECF No. 70 at 1–2). He fails, however, to identify which part of the statute imposes specific duties. The court agrees with the magistrate judge, overrules this objection, and adopts this portion of the Report. *See Sanford v. United States*, No. 0:21-cv-2552-RMG, 2022 WL 1210717, at *3 (D.S.C. Apr. 25, 2022) (holding that the FTCA's discretionary function exception applies to identical claim that prisoner's Covid-19 exposure resulted from prison officials' failure to adhere to § 4042(a)).

2.

To the extent Plaintiff cites additional statutes as bases for his FTCA claim (ECF No. 1 at 4)—including § 3582(c) (compassionate release); § 3624(c) (home confinement); and the CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) (permitting the BOP to lengthen home

7

confinement under § 3624(c)(2))—the magistrate judge noted that such statutes "expressly leave[] . . . decisions in the BOP's discretion after consideration of matters of public policy," and concluded that the discretionary function exception bars this aspect of Plaintiff's claim as well. (ECF No. 61 at 6). Plaintiff does not specifically object to this portion of the Report. Having reviewed the analysis and conclusion of the magistrate judge, the court adopts and incorporates this portion of the Report. *See Sanford*, 2022 WL 1210717, at *3 (concluding that the discretionary function exception to the FTCA applies to identical claim based on the same statutes).

3.

Regarding Plaintiff's attempt to impose FTCA liability as a result of Defendant's alleged failure to follow the CDC's Covid-19 guidelines, the magistrate judge observed that "CDC Guidelines are only advisory and do not mandate any particular conduct on the part of BOP officials." (ECF No. 61 at 6). The magistrate judge determined that "any decision by prison officials not to follow CDC Guidelines is discretionary and barred by the discretionary function exception." *Id*. at 7. Despite filing an 80-page document objecting to the Report, Plaintiff does not specifically address the magistrate judge's conclusion that the CDC Guidelines themselves—as opposed to internal BOP policies—are merely advisory. The court agrees with the magistrate judge and adopts and incorporates this portion of the Report. *See Sanford*, 2022 WL 1210717, at *3 ("[R]egarding the CDC's 2019 statements on measures such as social distancing, mask wearing and quarantining, because the agency's guidelines are advisory and do not mandate any particular conduct by the BOP, prison officials may in their discretion not adopt them as BOP policy. Therefore, Plaintiff's claim as it relates to failure to follow the CDC guidelines is barred by the discretionary function exception to the FTCA."). To the extent Plaintiff's objections specifically challenge this portion of the Report, the court overrules them.

C.   Defendant's Objection to the Report

With regard to Plaintiff's assertion that Defendant is liable under the FTCA for failing to comply with BOP's Covid-19 response "Action Plan" as reflected in internal BOP memoranda Plaintiff submitted to the court, (ECF Nos. 40 at 2; 40-2), Defendant contends these memoranda merely contain "non-binding guidance" for federal correctional institutions, (ECF No. 44 at 2), while Plaintiff argues that they set forth "non-discretionary protective measures" or "instructions" by the BOP, (ECF No. 40 at 2). The magistrate judge concluded as follows:

> On this record, the court is not able to determine whether these memoranda represent official policy of the BOP such that prison officials lacked the discretion to take different actions, whether the memoranda were mere guidance to federal prison officials, or whether FCI-Williamsburg adopted or adhered to the memoranda. [Plaintiff] attaches two examples of the memoranda to his response in opposition to the Government's motion to dismiss. (ECF No. 40-2.) The memoranda do not establish whether the protective measures described within them are mandatory policies, mere guidance, or something else. For instance, the memoranda describe themselves as "guidance" in one instance (ECF No. 40-2 at 1), but in other instances, appear to mandate prisons follow certain rules and create a system for compliance review (ECF No. 40-2 at 1-4, 6-8, 10). Nor does the record reflect whether the memoranda reflect actual policy adopted by FCI Williamsburg. Therefore, the record before the court is insufficiently developed to determine whether the discretionary function exception bars [Plaintiff's] claims that prison officials failed to follow FCI Williamsburg's policy to protect inmates from COVID-19.

(ECF No. 61 at 7). Accordingly, the magistrate judge recommended that the court deny Defendant's motion to dismiss in part "without prejudice to [Defendant's] ability to raise the discretionary function exception argument on a more developed record regarding FCI Williamsburg's COVID-19 policy." *Id*. at 7.

Defendant objects on three grounds to the magistrate judge's conclusion that its motion should be denied with respect to Plaintiff's FTCA claim as related to the BOP Action Plans submitted by Plaintiff. (ECF No. 73). First, Defendant contends the magistrate judge erroneously

considered the BOP Action Plan memoranda, which Plaintiff did not identify in the complaint as a basis for his FTCA claim but presented for the first time in his response to the motion to dismiss. *Id*. at 2. Defendant suggests, therefore, that the magistrate judge effectively allowed Plaintiff to amend his complaint and denied Defendant an opportunity to fully address the issue. *Id*. The court notes, however, that Defendant addressed these documents in its reply. *See* (ECF No. 44). In light of the liberal construction the court is obliged to apply to *pro se* filings, the court overrules this objection.

Defendant next argues that the magistrate judge failed to account for Plaintiff's burden of proof under the circumstances. (ECF No. 73 at 2–3). The Report states that "[t]he memoranda do not establish whether the protective measures described within them are mandatory policies, mere guidance, or something else," and concludes that "the record before the court is insufficiently developed to determine whether the discretionary function exception" applies. (ECF No. 61 at 7). As noted above, "FTCA plaintiffs have the burden of showing that the discretionary function exception does not foreclose their claim." *Seaside Farm,* 842 F.3d at 857. However, as also explained, the moving party should prevail on a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute," *Richmond*, 945 F.2d at 768. The magistrate judge implicitly found that the facts are in dispute, noting that "the memoranda describe themselves as 'guidance' in one instance . . . , but in other instances, appear to mandate prisons follow certain rules and create a system for compliance review." (ECF No. 61 at 7). Therefore, the court overrules this objection.

Finally, Defendant objects to the Report to the extent that the magistrate judge found the BOP memoranda were not discretionary. (ECF No. 73 at 4–6). The court overrules this objection for the reasons stated in the Report and previously recounted by the court in full in this order.

Specifically, the magistrate judge observed that the memoranda, in certain passages, appear to employ non-discretionary, mandatory language. Therefore, the court declines to deviate from the magistrate judge's recommendation. *See Sanford*, 2022 WL 1210717, at *3 (denying Defendant's motion to dismiss based on the discretionary function exception with respect to BOP action plan memoranda on the basis that "it remains contested whether the BOP implement[ed] mandatory or discretionary protocol" and "that a more robust record of fact is warranted in order to determine whether the FTCA's discretionary function exception may apply").

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report (ECF No. 61) and incorporates it herein. Accordingly, the court **GRANTS in PART** and **DENIES in PART without prejudice** Defendant's motion to dismiss. (ECF No. 32). The portions of Plaintiff's FTCA claim relating to prison officials' failure to follow the specified statutory and CDC guidelines are **DISMISSED**. The portion of Plaintiff's FTCA claim relating to prison officials' failure to follow the BOP Covid-19 action plans survives at this time. Discovery and summary judgment will be limited to the claim of negligence relating to failure to follow BOP Covid-19 action plans. This matter is returned to the magistrate judge for further proceedings.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 18, 2022

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.