IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Josand Farmer, | ) |
| | ) |
|     Plaintiff, | ) Civ. No. 0:21-cv-2572-TMC |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| United States of America, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 108), recommending that the court deny Plaintiff's motion for summary judgment (ECF No. 91), grant Defendant's cross-motion for summary judgment (ECF No. 97), and dismiss this case for lack of subject matter jurisdiction. Plaintiff filed objections to the Report. (ECF No. 112). As set forth below, the court adopts the Report and dismisses this action.

**I. Background**

Plaintiff Josand Farmer, a federal inmate proceeding *pro se*, brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 , 1346(b). (ECF No. 1). Plaintiff, who is incarcerated at FCI Williamsburg in Salters, South Carolina, asserts claims alleging the staff at FCI Williamsburg negligently failed to protect him from contracting the COVID-19 virus in December 2020 when they did not comply with certain statutes, regulations and Bureau of Prisons ("BOP") policies. In particular, Plaintiff asserts that Defendant was negligent for failing to follow the BOP's own policies and procedures relating to COVID-19 as set

forth in BOP memoranda establishing Action Plans for managing the pandemic in federal prisons. Plaintiff contends FCI Williamsburg failed to follow BOP policy by, for example, failing to test officers outside the facility and allowing inmates who tested positive into the facility or to pass meal trays. (ECF No. 1 at 4–5). Plaintiff also alleges that FCI Williamsburg did not follow BOP quarantine procedures for inmates returning from an outside hospital stay.

Defendant moved to dismiss, arguing that Plaintiff's claims are barred by the discretionary function exception to the FTCA. (ECF No. 32-2 at 4–14). On August 18, 2022, the court entered an order dismissing "the portions of Plaintiff's FTCA claim relating to prison officials' failure to follow the specified statutory and CDC guidelines." (ECF No. 81 at 11). The same order permitted Plaintiff's FTCA claim relating to the Government's alleged failure to follow its own BOP policies—namely the Covid-19 action plans—to continue and specifically limited discovery and summary judgment "to the claim of negligence relating to failure to follow BOP Covid-19 action plans." *Id*.

Not long after the court entered its order (ECF No. 81) granting in part and denying in part Defendant's motion to dismiss, the parties returned with the cross-motions for summary judgment currently before the court. (ECF Nos. 91, 97). Both motions are limited to the narrow issue of whether the FTCA's discretionary function exception applies to Plaintiff's remaining claim. (ECF Nos. 91 at 9–10; 97 at 5–9). Defendant also offers the FTCA's quarantine exception as an additional basis for summary judgment, (ECF No. 97 at 4–5), to which Plaintiff submitted a reply in opposition, (ECF No. 104 at 8–10).

The magistrate judge issued a Report concluding that "despite having the opportunity to conduct discovery on the issue of whether the discretionary function exception applies to his claims that the BOP was negligent in failing to adhere to its own COVID-19 policies and

2

procedures, [Plaintiff] has failed to meet his burden of showing that the discretionary function exception does not apply and that his claim falls within the FTCA's waiver of immunity." (ECF No. 108 at 4). The magistrate judge explained in detail that

> [Plaintiff] fails to identify any evidence that shows that the BOP's COVID-19 policies and procedures were mandatory. [Plaintiff] attaches more than two hundred pages of documents produced in discovery that he claims shows that FCI Williamsburg officials were under mandatory direction from the BOP. However, [Plaintiff] fails to explain what about the policies shows that the BOP officials' duties were mandatory. . . . [T]he memoranda and policies issued by the BOP do not establish whether the protective measures described within them are mandatory policies, mere guidance, or something else. The memoranda and policies from BOP provide no context for the court to determine whether they were mandatory.

(ECF No. 108 at 6 (internal footnote omitted)). The magistrate judge noted that Plaintiff's submission of voluminous documents for the court to comb in search of evidence to support his claims "is not sufficient to support a motion for summary judgment" and concluded that Plaintiff had, therefore, failed to satisfy his burden of showing the discretionary function exception does not apply to his claims. *Id*. at 6–7 & n.2 (citing *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020)). Accordingly, the magistrate judge recommended granting Defendant's motion for summary judgment (ECF No. 97) and denying Plaintiff's cross-motion for summary judgment (ECF No. 91) on the basis of the discretionary function exception. The magistrate judge declined to address the applicability of the FTCA's quarantine exception. (ECF No. 108 at 4 n.1).

## II. Legal Standards

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C.

§ 636(b)(1). On the other hand, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). In order to trigger *de novo* review, however, an objecting party need only "'object to [a] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah v. Dunbar*, __ F.4th __, 2023 WL 3028346, at *3 (4th Cir. April 21, 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)); *see also Dunlap*, at 662 .6 ("An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "[O]bjections need not be novel to be sufficiently specific"—*de novo* review is required where objections simply repeat arguments already presented to the magistrate judge so long as those objections are sufficiently specific. *Elijah*, 2023 WL 3028346, at *3. In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

The FTCA provides for a limited waiver of the United States' sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019). The FTCA, however, does not waive sovereign immunity for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a *discretionary function* or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (emphasis added). This "discretionary function exception" is intended to protect the discretion of the executive branch to make policy judgments. *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020); *see also Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017) ("In short, the discretionary function exception is driven by separation of powers concerns, shielding decisions of a government entity made within the scope of any regulatory policy expressed in statute, regulation, or policy guidance, even when made negligently."). In determining whether the United States enjoys sovereign immunity for conduct purportedly covered by the discretionary function exception, the court must first determine whether a defendant's alleged conduct "involves an element of judgment or choice." *Berkowitz v. United States*, 486 U.S. 531, 536 (1988); *see also United States v. Gaubert*, 499 U.S. 315, 322 (1991). The action is not considered discretionary if "a federal statute, regulation, or policy

specifically prescribes a course of action for an employee to follow" because "the employee has no rightful option but to adhere to the directive." *Id*. If the court determines that the conduct at issue is the product of judgment or choice—and is, therefore, discretionary—the court must then "determine whether the decision made was based on considerations of public policy." *Wood*, 845 F.3d at 128 (internal quotation marks omitted). Significantly, "FTCA plaintiffs have the burden of showing that the discretionary function exception does not foreclose their claim." *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 857 (4th Cir. 2016).

The magistrate judge properly applied the foregoing principles and concluded that Plaintiff failed to proffer sufficient evidence to permit the conclusion that Plaintiff's negligence claim based on Defendant's failure to follow its own COVID protocols is not barred by the discretionary function exception. The court has carefully considered Plaintiff's two-page objection to the Report (ECF No. 112) and concludes that Plaintiff has not pointed to any additional facts or evidence reflecting the purported mandatory nature of Defendant's alleged obligations. Rather, Plaintiff refers generally to "facts [he has] presented through the entire proceeding of this matter" and unspecified "relevant documents that clearly display that FCI Williamsburg was . . . under a mandatory order . . . to adhere to the COVID-19 response plan . . . ." *Id*. at 1–2. Therefore, the court agrees with the conclusion of the magistrate judge regarding the discretionary function exception and overrules Plaintiff's objections to it. The court concludes that Defendant is entitled to summary judgment on this basis.

## V. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report (ECF No. 108) and incorporates it herein. Accordingly, the court **DENIES** Plaintiff's motion for summary judgment (ECF No.

91), **GRANTS** Defendant's cross-motion for summary judgment (ECF No. 97), and dismisses this case for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
May 16, 2023

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.